UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JULIAN STERLING,

                                  Plaintiff,

      -against-

THE CITY OF NEW YORK, UNDERCOVER POLICE
OFFICER NO. C0115, POLICE OFFICER
CHRISTOPHER SCANZANO (tax # 949633),
DETECTIVE JORGE MOREL (tax # 933057),
SERGEANT OMAR COLON (tax # 929921),
DETECTIVE JOSEPH FERNANDEZ (tax # 940098),
POLICE OFFICERS JOHN DOES 1-2,

                                  Defendants.

**FIRST AMENDED COMPLAINT**

16 CV 127 (SJ) (RML)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which the plaintiff alleges that the City of New York and New York City Police Officers of the Brooklyn North Narcotics Division violated his rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution by falsely arresting him, using excessive force on him, illegally strip searching him and fabricating evidence against him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## JURY TRIAL

3. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. The individual defendants are members of the NYPD. The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. During the evening of December 18, 2014, at approximately 6:30 p.m., plaintiff left his home at 503 Euclid Avenue in Brooklyn to go grocery shopping at the Associated Supermarket located approximately six blocks from his home on the corner of Milford Street and Pitkin Avenue in Brooklyn.

8. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

9. When plaintiff was on Pitkin Avenue between Logan Street and Fountain Street, NYPD officers of the Brooklyn North Narcotics Division, including Officer Christopher Scanzano, Detective Jorge Morel, Sergeant Omar Colon and Detective Joseph Fernandez, pointed their firearms at plaintiff, threw plaintiff into a wall, pushed at least one of their arms against the back of plaintiff's neck obstructing his breathing, pushed plaintiff's face against the wall, handcuffed plaintiff unreasonably tight, and searched plaintiff without legal justification.

2

During the search, one of the defendants illegally looked inside plaintiff's underwear and swiped plaintiff's buttocks with his hand. The other defendants observed this public strip search take place but failed to intervene.

10. Nothing illegal was found on plaintiff.

11. The defendants threw the tightly cuffed plaintiff in a van and drove him around for several hours without a seat belt, resulting in plaintiff being tossed around the van.

12. Eventually, plaintiff arrived at the 75th Precinct.

13. Upon arriving at the 75th Precinct, two of the defendants, with the authorization of Sergeant Colon and the approval of the other defendants, took plaintiff to a restroom and illegally strip searched him by ordering him to remove his clothes, squat, spread his buttocks, lift his testicles, and cough. Nothing illegal was found on plaintiff. The strip search of plaintiff was illegal because the defendants lacked reasonable suspicion that plaintiff had committed a crime or that he had illegal contraband on his person.

14. During the entire time that plaintiff was held in the precinct, the defendants did not provide plaintiff with food or water.

15. While plaintiff was inside the 75th Precinct, Officer Scanzano and Undercover Police Officer No. C0115, acting with the knowledge and approval of the other defendants, falsely charged plaintiff with criminal sale and possession of a controlled substance, specifically heroin. The defendants misrepresented in arrest reports that plaintiff had sold heroin to Undercover Officer No. C0115, on December 18, 2014, at approximately 6:40 p.m., in front of plaintiff's home at 503 Euclid Avenue.

16. On December 19, 2014, the defendants took plaintiff to Brooklyn Central Booking.

17. While plaintiff was incarcerated in Brooklyn Central Booking, Officer Scanzano and Undercover Police Officer No. C0115, acting with the knowledge and approval of the other defendants, misrepresented to prosecutors that plaintiff had sold heroin to Undercover Police Officer No. C0115, on December 18, 2014, at approximately 6:40 p.m., in front of plaintiff's home at 503 Euclid Avenue.

18. In furtherance of having plaintiff prosecuted, Officer Scanzano and Undercover Police Officer No. C0115, acting with the knowledge and approval of the other defendants, caused the creation of a criminal court complaint falsely charging plaintiff with criminal sale and possession of a controlled substance.

19. On December 19, 2014, plaintiff was arraigned in Criminal Court, Kings County, and released his own recognizance.

20. Plaintiff made several court appearances after his arraignment.

21. On June 26, 2015, the charges filed against plaintiff were adjourned in contemplation of dismissal and immediately sealed.

22. Defendants' illegal conduct as described above caused plaintiff to suffer emotional distress, humiliation, embarrassment, fear, anxiety, substantial inconvenience, a loss of liberty, an invasion of privacy, the pains of incarceration, and physical injuries including pain, swelling and bruising.

## **FIRST CLAIM**

### **(§ 1983; FALSE ARREST)**

(Against All Defendants)

23. Plaintiff repeats the foregoing allegations.

24. Defendants, acting under color of state law, arrested and imprisoned plaintiff without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

25. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

26. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

27. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

28. Plaintiff repeats the foregoing allegations.

29. Defendants, acting under color of state law, used objectively unreasonable force upon plaintiff, or allowed objectively unreasonable force to be used on plaintiff, in violation of § 1983 and the Fourth Amendment.

30. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

31. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; FABRICATION OF EVIDENCE)

(Against All Defendants)

32. Plaintiff repeats the foregoing allegations.

33. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had sold heroin to Undercover Police Officer No. C0115 in violation of § 1983, the Fair Trial Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment.

34. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

35. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (§ 1983; ILLEGAL STRIP SEARCH)

(Against All Defendants)

36. Plaintiff repeats the foregoing allegations.

37. Defendants, acting under color of state law, illegally strip searched plaintiff twice in violation of § 1983 and the Fourth Amendment.

38. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

39. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

40. Plaintiff repeats the foregoing allegations.

41. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth, Sixth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

42. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

43. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

44. Plaintiff repeats the foregoing allegations.

45. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

46. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

47. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit employees of the City who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

48. Despite having the aforesaid knowledge, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate prior allegations of misconduct made against the defendants and other employees and agents of the City and failed to properly train, retrain, supervise, discipline and monitor these individuals.

49. The City of New York's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

50. The City of New York's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

51. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: August 25, 2016

___/s/_____
IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(646) 239-4330

__/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391